UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:22-CR-61-HAB |
| ) | |
| BRITTANY M. HILL ) | |

### OPINION AND ORDER

The Government alleges that Defendant is a straw purchaser of firearms. Defendant has been indicted on eight counts of knowingly making a false statement and representation in connection with the purchase of a firearm, in violation of 18 U.S.C. § 924(a)(1)(A). Defendant now moves to dismiss that indictment, arguing that the statute is unconstitutional under *N.Y. Rifle & Pistol Ass'n v. Bruen*, 142 S.Ct. 2111 (2022), and Judge Miller's opinion in *United States v. Holden*, --- F.3d ---, 2022 WL 17103509 (N.D. Ind. Oct. 31, 2022). Because the Court finds that the conduct prohibited by § 924(a)(1)(A) is not covered by the plain text of the Second Amendment, there is no need to conduct a full *Bruen* analysis. The statute is constitutional, and the motion to dismiss will be denied.

### I.     Factual Background

The superseding indictment alleges that, eight times between September 2020 and April 2021, Defendant bought Glock and Smith & Wesson pistols from retailers throughout the Northern District of Indiana. Each time, Defendant completed ATF Form 4473, answering "yes" to the question: "are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s)?" The indictment alleges that these answers were false and therefore violated § 924(a)(1)(A).

**II.     Legal Analysis**

In *Bruen*, the Supreme Court announced a new test for judging the constitutionality of firearm regulations. The Supreme Court rejected the two-step analysis that had emerged following *District of Colombia v. Heller*, 554 U.S. 570 (2008), calling it "one step too many." *Bruen*, 142 S. Ct. at 2127. Instead, the Supreme Court announced the following standard for applying the Second Amendment:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command.

*Id.* at 2129–30 (quotations omitted).

The Supreme Court spent very little time in *Bruen* explaining how to assess whether the Second Amendment's plain text covers an individual's conduct. This, presumably, is because that determination is usually straightforward. Not so, here.

The statute here provides:

> Except as otherwise provided in this subsection, subsection (b), (c), (f), or (p) of this section, or in section 929, whoever—
>
> (A) knowingly makes any false statement or representation with respect to the information required by this chapter to be kept in the records of a person licensed under this chapter or in applying for any license or exemption or relief from disability under the provisions of this chapter;
>
> \* \* \* \*
>
> shall be fined under this title, imprisoned not more than five years, or both.

18 U.S.C. § 924(a)(1)(A). Misrepresenting oneself as the purchaser of a firearm violates this statute. *Abramski v. U.S.*, 573 U.S. 169, 191–92 (2014).

Defendant argues largely that § 924(a)(1)(A) is covered by the Second Amendment's plain text because of its reference to "this chapter"; i.e., Chapter 44, Firearms, of the United States

2

Criminal Code. (ECF No. 21 at 7). Stated another way, because the false statements criminalized by § 924(a)(1)(A) all relate to information required by federal firearms law, the statute itself must fall within the scope of the Second Amendment. The Court cannot agree.

*Holden* demonstrates the flaw in Defendant's logic. In *Holden*, Judge Miller dismissed an indictment under the similar, but importantly different, 18 U.S.C. § 922(a)(6). But relevant here, it was not because he found § 922(a)(6), which criminalizes making false or fictitious statements of material fact in connection with the acquisition of a firearm or ammunition, unconstitutional. Rather, Judge Miller concluded that the statute requiring the allegedly false information, 18 U.S.C. § 922(n), was unconstitutional. *Holden*, 2022 WL 17103509, at *5. Because the information required in the unconstitutional § 922(n) was "immaterial" for the purposes of § 922(a)(6), *Holden*, 2022 WL 17103509, at *7, Judge Miller held that the indictment in that case did not state an offense. *Id*.

The proper way to attack an indictment under § 924(a)(1)(A) under *Holden* is not an attack on the statute itself, as Defendant attempts here. Instead, *Holden* teaches that the attack must be on the requirement for the allegedly false information[1]; indictment status in *Holden*, straw purchasing here. But Defendant does not even try to establish that straw purchasing laws are unconstitutional, a Sisyphean task if there ever was one. *Holden*, then, does not help Defendant.

The problem for Defendant, as shown by *Holden*, is that these truthful information statutes, whether § 922(a)(6) or § 924(a)(1)(A), are not firearms statutes. They are, instead, perjury statutes. As correctly stated by Judge Simon, Defendant "isn't being prosecuted for possessing a firearm, [s]he's being prosecuted for *lying* in the acquisition of the firearm." *United States v. Campbell*, Cause No. 2:22-CR-23-PPS, DKT No. 31 at 8 (original emphasis). Defendant's right to bear arms

---

[1] Of course, even a successful attack on the statute requiring the information might be ineffectual for an indictment under § 924(a)(1)(A), as it lacks the materiality requirement of § 922(a)(6).

3

is not addressed, much less infringed, by § 924(a)(1)(A), so the statute cannot be unconstitutional under *Bruen*.

### III. Conclusion

For these reasons, Defendant's Motion to Dismiss the Superseding Indictment (ECF No. 21) is DENIED.

SO ORDERED on April 6, 2023.

                                             s/ *Holly A. Brady*
                                             JUDGE HOLLY A. BRADY
                                             UNITED STATES DISTRICT COURT